IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No. 09-cr-00460-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICIA MARTINEZ,

Defendant,

and

COLORADO PERA,

Garnishee.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on the United States' Application for Writ of Continuing Garnishment and the defendant's request for a hearing on the Writ of Continuing Garnishment served on Colorado PERA,[1] the garnishee.

The defendant pled guilty to theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and to money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). On January 15, 2010, she was sentenced to a term of imprisonment. In addition, a criminal monetary penalty for restitution was entered in the amount of $1,275,956.94. Judgment [Doc. # 15, filed 1/21/2010] at p. 5.

---

[1] The actual name of the garnishee is Colorado Public Employees' Retirement Association. Memorandum In Support of Garnishment [Doc. # 28, filed 9/14/2010] (the "Memo") at p. 1.

On or about June 7, 2010, Colorado PERA was served with a Writ of Continuing Garnishment. Answer of the Garnishee [Doc. # 23, filed 6/17/2010] at p. 2. The garnishee answered that it was indebted to the defendant in the amount of $2,148.70 on a monthly basis. Id. The defendant was served with the Clerk's Notice of Post-Judgment Garnishment and Instructions to Judgment Debtor, and on June 21, 2010, she filed her Claim for Exemption [Doc. # 24] and requested a hearing. Id. at p.2.

I held an evidentiary hearing on the Claim for Exemption on September 15, 2010. The following facts are undisputed:

(1) The defendant has not satisfied the monetary penalty for restitution.

(2) The defendant is incarcerated in federal custody.

(3) The monthly payments owed by Colorado Public Employees' Retirement Association to the defendant are retirement benefits from a retirement account.

The United States is authorized to enforce an order of restitution in accordance with "the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. § 3613(a) and (f), including by writ of garnishment issued pursuant to 28 U.S.C. § 3205. Here, there is no claim that the United States failed to comply with the statutory requirements for a garnishment.

The defendant claims three exemptions from garnishment, however. First, she claims the exemption for wearing apparel and school books allowed by 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(1). She also claims the exemption for fuel, provisions, furniture, and personal effects allowed by 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(2). Finally, the defendant claims the exemption allowed for certain annuity and pension payments pursuant to 18 U.S.C.

§3613(a)(1) and 26 U.S.C. § 6334(a)(6).

The United States does not seek to garnish wearing apparel and school books or to garnish fuel, provisions, furniture, or personal effects. Consequently, the first two claims of exemption are unfounded.

Section 3613(a)(1), 18 U.S.C., provides that property exempt from levy for taxes pursuant to 26 U.S.C. § 6334(6) and (10), among others, are also exempt from enforcement of a judgment. The defendant claims that her Colorado PERA retirement benefits are exempt under this provision. The exemptions available include only the following:

> **§ 6334. Property exempt from levy**
>
> **(a) Enumeration.**--There shall be exempt from levy--
> \*   \*   \*
> **(6) Certain annuity and pension payments.**--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.
> \*   \*   \*
> **(10) Certain service-connected disability payments.**--Any amount payable to an individual as a service-connected (within the meaning of section 101(16)of title 38 , United States Code) disability benefit under--
>
> **(A)** subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
>
> **(B)** chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

26 U.S.C. § 6334(a) (internal footnote omitted).

The defendant bears the burden of establishing that her Colorado PERA retirement benefits are exemption from garnishment. She has failed to produce any evidence or articulate

3

any argument to support a finding that her Colorado PERA retirement benefit is an annuity or pension exempt under 26 U.S.C. § 6334(a)(6) or a service connected disability payment exempt under 26 U.S.C. § 6334(a)(10). To the contrary, it is simply a Colorado Public Employees' Retirement Association retirement benefit accumulated in connection with her prior employment.

Non-exempt retirement benefits, like the defendant's, are subject to garnishment. United States v. Hotte, 2007 WL 2891313 *3 (E.D.N.Y. Sept. 28, 2007) (compiling cases and holding that "provisions of ERISA and the Internal Revenue Code . . . that generally preclude the assignment or alienation of pension benefits do not apply to the United States in its efforts to collect on a judgment of restitution"); United States v. Benford, 2007 WL 1500104 *1 (E.D. Mich. May 22, 2007) (holding that the United States may garnish state retirement benefits to satisfy an order of restitution entered in a criminal case).

In addition, investment funds are not "disposable earnings" under the Consumer Credit Protection Act, 15 U.S.C. § 1673(a)(1). Consequently, the 25% cap on garnishments applicable to "disposable earnings" does not apply to payments, as here, from a retirement investment account. United States v. Gaddis, 2010 WL 908666 *2 (W.D. Okla. March 9, 2010).

I respectfully RECOMMEND that:

(1) The defendant's claims for exemption from garnishment be DENIED;

(2) The United States' application for a Writ of Continuing Garnishment be GRANTED; and

(3) The garnishee pay to the United States, each month, 100% of the defendant's retirement benefits, after deductions for taxes, until the monetary penalty for restitution is paid in

full; the garnishee no longer has possession, custody, or control of any property belonging to the defendant; or further order of the court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 15, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge